# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv324

| HIGH GEAR USA, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| Vs. | ) | ORDER |
| TIMOTHY MORGAN; and INTERNATIONAL SOURCING GROUP, LTD., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the court on defendants' Motion for Special Counsel Admission for Raphael J. Omerza and Suzana K. Koch.

Special admission is discretionary. L.Cv.R. 83.1(E)(1). In exercising such discretion, the court first looks to the complexity of the case. While the allegations of the Complaint are not complex, defendants' own description of the issues in paragraphs 14 *et seq.* of their Notice of Removal (Docket Entry #1) reveal that this case involves a complex business relationship. The complexity of the case weighs against special admission.

The court has next considered whether the amount in controversy justifies double employment of counsel. While plaintiff makes no assertion of the amount in

controversy in its Complaint, the Notice of Removal reveals that the amount in controversy in well into the six figure range and may well involve questions concerning purported expenses of some $1,000,000.00 for each of the past five years. See Affidavit of Timothy Morgan, at ¶ 10.   This factor weighs against special admission as the amount at stake is substantial.

The court has also considered defendants argument that this action should be transferred to Ohio as well as the qualifications of Ohio counsel. While the court has no doubts concerning the professional qualifications of out-of-state counsel, the court is concerned with one of the stated reason why double employment should not be required, to wit, that "the interests of justice have been disserved" by plaintiff filing this action in North Carolina rather than Ohio.  Motion, at 2.  While defendants certainly do not state that this is an improper venue, the court notes that it was defendants who removed the action to this court.  By removing this action to this court, the Western District of North Carolina became a proper venue:

> Ordinarily, proper venue for actions filed in federal district courts is governed by 28 U.S.C. § 1391. "[W]ith respect to cases removed to federal court from state court, however, venue is determined solely by the removal statute, 28 U.S.C. § 1441." *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 238 (W.D.N.C.2008) *(quoting Godfredson v. JBC Legal Group, P.C.*, 387 F.Supp.2d 543, 547 (E.D.N.C.2005); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). Thus, upon removal, venue becomes "the district court of the United States for the district and division embracing the place where such action is pending." *Scholl*, 249

F.R.D. at 238 (*quoting Polizzi*, 345 U.S. at 665); 28 U.S.C. § 1441(a). Dan Dill, Inc. v. Ashley Furniture Industries, Inc., 2008 WL 3287255, 1 (W.D.N.C. 2008)(Voorhees, J.).[1] This is not to say, however, that defendants are impaired from seeking a transfer; rather, it is simply well established that upon removal, venue is appropriate in this district. Whether it was a "disservice" for plaintiff to file this action in North Carolina cannot be discerned from the pleadings, making transfer to Ohio at this point is, at best, speculative at this stage in the litigation. At this point in the litigation, the court believes all parties as well as the court will benefit from the appearance of at least counsel admitted in this district.

The court will, therefore, decline to allow special admission in this case, but leave will be granted to apply for admission *pro hac vice*.

### ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Special Counsel Admission for Raphael J. Omerza and Suzana K. Koch (#2) is **DENIED** without prejudice as to seeking admission *pro hac vice*.

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Signed: September 2, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge